UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRED DAVIS, III,

                                   Plaintiff,

        v.

ABDEL JOSE ESPINAL-VAZQUEZ *and*
ND LOGISTICS, LLC,

                                   Defendants.

No. 21-CV-7819 (KMK)

OPINION & ORDER

---

Lora Gleicher, Esq.
Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP
Great Neck, NY
*Counsel for Plaintiff*

Howard R. Schatz, Esq.
Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP
New York, NY
*Counsel for Plaintiff*

Michael V. Campanile, Esq.
Morris Duffy Alonso & Faley
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Fred Davis, III ("Plaintiff") brings this Action against Abdel Jose Espinal-Vazquez

("Espinal-Vazquez") and ND Logistics, LLC ("ND Logistics"; collectively, "Defendants") for

damages resulting from a motor vehicle accident in which Plaintiff's car was hit by a truck

operated by Espinal-Vazquez over the course of Espinal-Vazquez's employment for ND

Logistics.  (*See generally* Compl. (Dkt. No. 3-2).)  Before the Court is Plaintiff's Motion to

Remand the Case to State Court (the "Motion").  (*See* Not. of Mot. (Dkt. No. 13).)  For the

following reasons, the Motion is denied.

## I.  Background

### A.  Factual Background

On September 1, 2018, Plaintiff, a resident of Pennsylvania, was driving his 2010 Audi on Interstate 84 in Port Jervis, NY, when his vehicle was hit by two tires which had fallen off of a truck driven by Espinal-Vazquez.  (*See* Compl. ¶¶ 1, 18, 19, 21; *see also* Police Accident Report (Dkt. No. 3-1).)  Espinal-Vazquez is a resident of Connecticut and at the time, was driving the truck over the course of his employment for ND Logistics, an Ohio-based limited liability corporation.  (*See* Compl. ¶¶ 2–17.)  Plaintiff suffered serious injuries as a result of the accident.  (*Id.* ¶¶ 26–27.)

ND Logistics's insurance carrier, Progressive Group ("Progressive"), accepted liability for the accident on or after October 5, 2018.  (*See* Aff. of Lora H. Gleicher in Supp. of Mot. to Remand ("Gleicher Aff.") (Dkt. No. 13-1) Ex. C (Dkt. No. 13-5).)  On March 17, 2021, Plaintiff sent Progressive a pre-suit notice detailing the $70,738.19 in economic damages Plaintiff had at that time suffered to-date and lodging a $500,000 demand for settlement.  (*See* Gleicher Aff. Ex. D (Dkt. No. 13-6).)  This settlement demand was not accepted, and this litigation followed.

### B.  Procedural History

Plaintiff originally filed his Complaint in the New York Supreme Court for the County of Bronx on August 2, 2021.  (*See* Compl.)  On August 23, 2021, Defendants filed an Answer along with a Demand for a Verified Bill of Particulars and a number of other demands, including for an ad damnum.  (*See* Dkt. No. 3-3.)  On the same day, Defendants sought Plaintiff's consent to a stipulation to change venue to Orange County—the county in which the motor vehicle accident took place—which Plaintiff rejected on August 30, 2021.  (*See* Gleicher Aff Exs. G (Dkt No. 13-9) & H (Dkt. No. 13-10).)  On September 9, 2021, Plaintiff provided Defendants with his Bill of Particulars and responses to Defendants' other demands, in which—as relevant to the Motion—

2

Plaintiff included an ad damnum of $5 million.  (*See* Aff. of Michael V. Campanile in Opp'n to

Mot. ("Campanile Aff.") (Dkt. No. 14) Ex. 1 (Dkt. No. 14-1).)

On September 20, 2021, Defendants filed a Notice of Removal, removing the Action to

this Court on the basis of this Court's diversity jurisdiction under 28 U.S.C. § 1332.  (*See*

*generally* Not. of Removal (Dkt. No. 3).)  On October 13, 2021, Plaintiff filed a pre-motion letter

in anticipation of filing a motion to remand.  (*See* Dkt. No. 5.)  After receiving a response from

Defendants, (*see* Dkt. No. 9), the Court set a pre-motion conference, (*see* Dkt. No. 10).  The

Court held a pre-motion conference on November 30, 2021 and set a briefing schedule.  (*See*

Dkt. (minute entry for Nov. 30, 2021); Dkt. No. 12.)  On December 6, 2021, Plaintiff filed the

Motion and ancillary papers.  (*See* Not. of Mot.; Gleicher Aff.; Pl.'s Mem. of Law in Supp. of

Mot. ("Pl.'s Mem.") (Dkt. No. 13-2).)  On January 14, 2022, Defendants filed their Opposition

and ancillary papers.  (*See* Campanile Aff.; Defs.' Mem. of Law in Opp'n to Mot. ("Defs.'

Mem.") (Dkt. No. 15).)  Though the briefing schedule contemplated a reply, (*see* Dkt. No. 12), to

date, Plaintiff has failed to file one, (*see* Dkt.).  Therefore, the Court deems the Motion fully

submitted.

## II.  Discussion

### A.  Standard of Review

The removal of civil actions from state court to federal court is primarily governed by 28

U.S.C. § 1446(b)(1), which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within 30 days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  Thus, "[t]o remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 622–23 (S.D.N.Y. 2004) (citing 28 U.S.C. § 1446(b)(1) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–49 (1999)).  "[T]he propriety of removal is to be determined by the pleadings at the time of removal." *Fed. Ins. Co. v. Tyco Int'l*, 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) ("A court must thus consider the complaint at the time of removal to determine if removal was appropriate in the first place."); *Vasura v. Acands*, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000) ("If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise.").

However, a case is only removable under this provision "when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by . . . § 1446(a)." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (quotation marks omitted).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  For example, if the initial pleading does not specifically state that the amount in controversy exceeds $75,000, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam);

*see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 144, 145 (2d Cir. 2014) ("With respect to the amount in controversy, . . . 'the pleading or other paper must specifically disclose the amount of monetary damages sought,' and . . . the removal clock 'commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums.'" (quoting and agreeing with *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824–25 (7th Cir. 2013))). "If neither the initial pleading nor subsequent document explicitly specifies the amount of monetary damages sought, the [§] 1446(b) removal clocks are not triggered and the defendant may remove when, upon its own independent investigation, it determines that the case is removable, as long as removal occurs within one year after the commencement of the action." *Artists Rights Enf't Corp. v. Jones*, 257 F. Supp. 3d 592, 595 (S.D.N.Y. 2017) (citation omitted).

Federal courts construe questions of removal narrowly, "resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quotation marks omitted); *see O'Reilly v. Mackris*, 556 F. Supp. 3d 166, 169 (E.D.N.Y. 2021) (same); *see also Fed. Ins. Co.*, 422 F. Supp. 2d at 367 (explaining that "[o]ut of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability" (alteration in original) (quotation marks omitted)). Thus, if a plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper. *See Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021) (citing *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); *Fouad v. Milton Hershey Sch. & Sch. Tr.*, 523 F. Supp. 3d 648, 652 (S.D.N.Y. 2021) ("[The] [d]efendants, as the removing parties, 'bear the burden of demonstrating the

propriety of removal.'" (alteration omitted) (quoting *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004))).

    <u>B.  Analysis</u>

    Plaintiff appears to argue that Plaintiff's pre-suit settlement demand for $500,000 constituted "other paper" under § 1446(b)(3) and therefore, Defendants were on notice that the amount in controversy exceeded $75,000 at the time the Complaint was filed, even though the Complaint itself did not include a figure for the amount of damages sought.  (*See* Pl.'s Mem. 2–5.)[1]  As such, Defendants were required to remove the Action within 30 days of service of the Complaint—by September 10, 2021—making Defendants' September 20, 2021 removal untimely.  (*See id.* at 5.)  Defendants argue in opposition that Plaintiff misinterprets both the removal statute and relevant case law, and explain (1) that the 30-day time limitation of § 1446(b)(1) is triggered *only* when the initial pleading facially contains facts that support a removal petition, and (2) that the 30-day time limitation of § 1446(b)(3) is triggered when a defendant receives a *post-initial pleading* paper from which the defendant can ascertain that the action is removable.  (*See* Defs.' Mem. 1–14.)  Because the Complaint here did not facially include facts to support the amount in controversy requirement of § 1332(a), the Action did not become removable until Defendants received Plaintiff's Bill of Particulars and ad damnum on September 9, 2021—making Defendants' September 20, 2021 removal timely.  (*See id.* at 14–15.)  The Court agrees with Defendants.

    In *Moltner*, the Second Circuit established a "bright line rule" that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that *explicitly specifies*

---

[1] Plaintiff's Memorandum of Law does not contain page numbers.  When citing to Plaintiff's Memorandum of Law, the Court refers to the ECF-stamped page numbers on the top-right corner of each page.

the amount of monetary damages sought." *Moltner*, 624 F.3d at 38 (emphasis added).  As the

*Moltner* court explained, this holding was consistent with the Second Circuit's previous decision

in *Whitaker*, *see id.* at 36–37, in which the court explained that while § 1446(a) "requires a

defendant to apply a reasonable amount of intelligence in ascertaining removability, *it does not*

*require a defendant to look beyond the initial pleading* for facts giving rise to removability,"

*Whitaker*, 261 F.3d at 206 (emphasis added); *see id.* ("[T]he relevant test is not what the

defendants purportedly knew, but *what the document said*." (emphasis added) (quoting *Foster v.*

*Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993))); *see also Cutrone*, 749

F.3d at 143 ("If removability is not apparent from the allegations of an initial pleading . . . , the

30-day clock[] of . . . §[] 1446(b)(1) . . . [is] not triggered."); *Artists Rights*, 257 F. Supp. 3d at

595–96 ("A defendant's subjective knowledge is not sufficient to start the removal clock.  Ample

case law emphasizes that a court's task in determining when the [§] 1446(b)(3) clock started

does not entail an inquiry into a defendant's subjective knowledge.  Rather, the specified time for

removability begins to run upon the serving of a pleading stating the exact monetary value in

damages." (alteration, citation, and quotation marks omitted)).

  Here, Plaintiff's Complaint included only that Plaintiff "sustained severe and permanent

personal injuries" and "has been damaged in a sum that exceeds the jurisdictional limits of all

lower courts which would otherwise have jurisdiction."  (Compl. ¶¶ 26, 31.)  These statements as

to damages are consistent with and pursuant to CPLR § 3017(c), which provides that "[i]n an

action to recover damages for personal injuries . . . , the complaint . . . shall contain a prayer for

general relief but shall not state the amount of damages to which the pleader deems himself

entitled," and that "[i]f the action is brought in the supreme court, the pleading shall also state

whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction." N.Y. C.P.L.R. § 3017(c).  In New York, the

jurisdictional limit of all lower courts is $25,000.  *See* N.Y. CONST. art. VI, § 11(a).  As such, all

that Defendants could intelligently ascertain from the face of Plaintiff's Complaint is that

Plaintiff sought damages that exceeded $25,000—$50,000 below the federal jurisdictional

threshold of $75,000.  *See* 28 U.S.C. § 1332(a).  Therefore, the Action was not removable on the

face of the Complaint and the 30-day clock of § 1446(b)(1) was not triggered.  *See, e.g.*, *Moltner*,

624 F.3d at 38; *Whitaker*, 261 F.3d at 206.

Instead, the 30-day clock of § 1446(b)(3) was triggered by Plaintiff's service of his

responses to Defendants' various demands on September 9, 2021; specifically, by Plaintiff's Bill

of Particulars and ad damnum in which "Plaintiff deem[ed] himself entitled to five million

dollars." (Campanile Aff. Ex. 1.)  Defendants therefore had 30 days from September 9, 2021 to

remove the Action to federal court, and their September 20, 2021 removal was thus timely.  *See*

*Boyd v. Tiburcio-Lora*, No. 21-CV-4075, 2021 WL 2581242, at *2 (S.D.N.Y. June 23, 2021)

("When the complaint does not disclose that a plaintiff is seeking more than $75,000 in damages,

the bill of particulars is the relevant document for determining the timeliness of a defendant's

removal petition.  Thus, courts in this district have held that once a defendant receives a bill of

particulars, the amount in controversy is established; removal is timely only if it is filed within

thirty days of the bill's receipt." (alterations and quotation marks omitted) (collecting cases)).

None of Plaintiff's arguments changes the Court's conclusion.  First, Plaintiff argues that

his pre-suit settlement demand for $500,000 constituted "other paper" under § 1446(b)(3), (*see*

Pl.'s Mem. 3–5), but as Defendants point out, (*see* Defs.' Mem. 18–19), this argument lacks

common sense.  As outlined above, § 1446(b)(3) provides that "if the case stated by the initial

pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Setting aside the fact that Plaintiff ignores the clause "*if the case stated by the initial pleading is not removable,*" *id.* (emphasis added), the logic of Plaintiff's argument would have required Defendants to remove the case within 30 days of receipt of Plaintiff's pre-suit settlement demand.  However, Plaintiff sent their pre-suit settlement demand on March 17, 2021; thus, Defendants would have had to remove the case by April 16, 2021, or almost four months *before* Plaintiff filed suit in New York Supreme Court.  *See supra* I.A.–I.B.

Moreover, neither of the cases cited by Plaintiff supports this untenable result.  Plaintiff cites to *Lopez v. Target Corp.*, No. 21-CV-6491, 2021 WL 4272292 (W.D.N.Y. Sept. 21, 2021) and *Butera v. Sw. Airlines Co.*, No. 12-CV-51, 2012 WL 3860802 (W.D.N.Y. Sept. 5, 2012) for the proposition that "pre-suit letter constitutes 'other paper' and is sufficient to prove by a preponderance of the evidence the amount in controversy."  (Pl.'s Mem. 3–4.)  While Plaintiff is correct that *Lopez* and *Butera* do hold that a pre-suit letter is sufficient to prove the amount in controversy by a preponderance of the evidence, neither case makes any mention of § 1446(b)(3) or the definition of "other paper."  *See generally Lopez*, 2021 WL 4272292; *Butera*, 2012 WL 3860802.  Rather, as Defendants explain, (*see* Defs.' Mem. 16–18), those cases concerned post-removal challenges by plaintiffs who argued that the amount in controversy requirement of § 1332(a) was not satisfied, and those courts held—for example—that "[the] [p]laintiff's $150,000 pre-suit demand letter is sufficient to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000."  *Lopez*, 2021 WL 4272292, at *2 (citing *Butera*, 2012 WL 3860802, at *2).  Therefore, these cases are inapposite.

9

At bottom, Defendants' removal of this Action was an uncontroversial application of § 1446(b)(3), triggered by Plaintiff's Bill of Particulars and ad damnum.[2]  Accordingly, Plaintiff's Motion is denied.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is denied.  The Court will hold a telephonic status conference on July 27, 2022 at 10am.

The Clerk of Court is directed to terminate the pending motion.  (*See* Dkt. No. 13.)

SO ORDERED.

Dated:    June 22, 2022
          White Plains, New York

_____
             KENNETH M. KARAS
             United States District Judge

---

[2] Plaintiff even appears to recognize this, having wisely opted not to file a Reply after receiving Defendants' Opposition.  "By failing to respond to [Defendants'] argument[s] in [his] Reply Memorandum, [Plaintiff] concedes th[ese] point[s] for purpose of [his] motion[]." *Cornelius v. Macy's Retail Holdings, Inc.*, No. 18-CV-678, 2019 WL 11816537, at *2 (W.D.N.Y. Aug. 5, 2019) (collecting cases).